UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-21206-JAL

YELITHZE DEL CARMEN USECHE and all
others similarly situated under 29 U.S.C. 216(b)

    Plaintiff,

v.

ABC COMPONENTS, INC.,
MINE GULEC,

    Defendants.
_____/

**DEFENDANT'S MOTION TO STAY SETTLEMENT CONFERENCE
PENDING ADJUDICATION OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

Defendants, ABC COMPONENTS, INC., and MINE GULEC ("Defendants"), by and through undersigned counsel, file the following Motion to Stay Settlement Conference Pending Adjudication of Defendant's Motion to Dismiss for Failure to State a Claim,[1] as follows:

**I.     FACTS**

1. On April 5, 2016, Plaintiff filed her Complaint, alleging violation of the Fair Labor Standard Act's ("FLSA") overtime provision. *D.E. 1*.

2. On April 8, 2016, this Honorable Court ordered Plaintiff to file a Statement of Claim by April 28, 2016, and ordered Defendants to file a Response within twenty (20) days of being served with Plaintiff's Statement of Claim. *D.E. 6*.

---

[1] Defendants' Motion to Dismiss for Failure to State a Claim will be filed by May 18, 2016, pursuant to this Court's Order. *D.E. 13*.

3. This Honorable Court further ordered the parties to jointly confer and contact Magistrate Judge Goodman's Chambers prior to the due date for Defendants' Response to Plaintiff's Statement of Claim. *Id.*

4. The due date for Defendants' Response to Plaintiff's Statement of Claim is May 2, 2016. *Id.*

5. Defendants will be filing a Motion to Dismiss for Failure to State a Claim, on or before May 18, 2016.[2]

6. While Defendants understand and appreciate the benefits of early settlement conferences, most respectfully, Plaintiff has failed to state a claim on which this Court may grant relief (as will be set forth in very specific detail within Defendants' Motion to Dismiss for Failure to State a Claim).

7. Defendants respectfully submit that requiring them to participate in a settlement conference for a case that was improperly filed and contradicts an employment agreement that Plaintiff omitted to attach to her Complaint (and which makes clear that this case is frivolous), is unduly burdensome, and will be more appropriate once Defendants' Motion to Dismiss for Failure to State a Claim is fully adjudicated.

8. Defendants therefore seek an order staying the requirement for the parties to participate in a settlement conference in this case, until this Court has had an opportunity to consider Defendants' Motion to Dismiss for Failure to State a Claim, including Plaintiff's employment agreement, which is central to her claim but was improperly omitted, and to

---

[2] Defendants will be attaching to their Motion to Dismiss, an employment agreement, in which Plaintiff agreed to work forty-five hours a week, for a salary exceeding the wage requirements set forth in the Fair Labor Standards Act's minimum wage and overtime provisions, and was a manager as defined under the law.

2

issue its ruling thereon.  This case is still in its early stages, and the requested partial stay should not prejudice any party.

9. Pursuant to Local Rule 7.1(a)(3), on May 2, 2016, counsel for Defendants emailed counsel for Plaintiff in the morning to inquire if there was any objection to staying the requirement for the parties to attend a settlement conference until the Court rules on the Motion to Dismiss for Failure to State a Claim, and followed up with two additional phone calls throughout the day, including a call right before the end of business, yet phone calls and e-mails have not been returned as of the filing of this motion.

## II.     MEMORANDUM OF LAW

In determining whether to grant a motion to stay, the district court acts within its own general discretion incident to its power to control its own docket. *See, e.g.,* Clinton v. Jones, 520 U.S. 681, 706 (1997); *see, also,* American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc., 743 F.2d 1519, 1525 (11th Cir. 1984).  A stay may promote judicial economy, and reduce confusion and prejudice. *See, e.g.,* Axa Equitable Life Ins. Co. v. Infinity Fin. Group, LLC, 608 F.Supp.2d 1330, 1346 (S.D. Fla. 2009).  It is entirely appropriate to enter a stay of proceedings when Defendants challenge the Court's authority to entertain litigation. *See, e.g.,* Kilma v. Carnival Corp., 2008 WL 4559231 (S.D.Fla. 2008).

Here, Defendants respectfully request that this Court stay the requirement to attend a settlement conference in this case, pending a ruling on Defendants' Motion to Dismiss for Failure to State a Claim.  It would be extremely burdensome to require Defendants to participate in a settlement conference, in a case in which Defendants are in the process of filing a Motion to

Dismiss for Failure to State a Claim.  Defendants should not be made to participate in a settlement conference, pending resolution of the Motion to Dismiss for Failure to State a Claim.[3]

### III.   CONCLUSION

Defendants request that this Court stay the requirement to attend the settlement conference in this case, pending the adjudication of Defendants' Motion to Dismiss for Failure to State a Claim.  Most respectfully, requiring Defendants, who employed Plaintiff in a managerial capacity, and pursuant to an employment agreement, in which Plaintiff agreed to work forty-five hours a week, for a salary exceeding the wage requirements of the Fair Labor Standards Act's minimum wage and overtime provisions, is unduly burdensome.  A stay pending the Court's ruling on Defendants' Motion to Dismiss for Failure to State a Claim would not substantively prejudice any party, and is entirely appropriate pending this Court's determination.

WHEREFORE, for the foregoing reasons, Defendants, ABC COMPONENTS, INC., and MINE GULEC, respectfully request that this Court enter an Order: (a) staying the requirement to attend the Settlement Conference until the Court issues a ruling on the Defendant's Motion to Dismiss for Failure to State a Claim; (b) excusing the parties from any requirements to schedule a Settlement Conference with Magistrate Judge Goodman previously set forth by the Court, until the Court issues a ruling on the Defendants' Motion to Dismiss for Failure to State a Claim; and (c) entering all such other relief as is deemed just and equitable under these circumstances.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Defendants*
Wells Fargo Tower – Suite 1500
One East Broward Blvd.

---

[3] This Honorable Court has ordered that the Settlement Conference is to take place within twenty (20) days of Defendant filing its Response to Plaintiff's Statement of Claim.  *D.E. 6.*  Defendants filed their Response to Statement of Claim on May 2, 2016, and will have their Motion to Dismiss for Failure to State a Claim filed by May 18, 2016.

            Fort Lauderdale, FL  33301
            PH: (954) 745-0588
            FAX: (877) 253-1691

           By: */s/ Jordan Richards*
            NOLAN KLEIN, ESQUIRE
            Florida Bar No. 647977
            klein@nklegal.com
            amy@nklegal.com
            JORDAN RICHARDS, ESQUIRE
            Florida Bar No. 108372
            richards@nklegal.com

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **2nd** day of **May**, 2016.

           By: */s/ Jordan Richards*
            JORDAN RICHARDS, ESQUIRE
            Florida Bar No. 108372

**SERVICE LIST:**

**J.H. ZIDELL, ESQUIRE**
Florida Bar No. 0010121
**K. DAVID KELLY, ESQUIRE**
Florida Bar No. 0123870
**STEPHEN M. FOX, JR., ESQUIRE**
Florida Bar No. 110359
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Ph: (305) 865-6766
FAX: (305) 865-7167
*Counsel for Plaintiff*
zabogado@aol.com
david.kelly38@rocketmail.com
stephen.fox.esq@gmail.com