UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-21206-CIV-JAL

YELITHZE DEL CARMEN USECHE and all )
others similarly situated under 29 U.S.C. )
216(b), )
)
                Plaintiff, )
  vs. )
)
ABC COMPONENTS, INC., )
MINE GULEC, )
)
                Defendants. )
)

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

    COMES NOW Plaintiff, through the undersigned, in response to the above-described Defendants' Motion filed as [DE 19] as follows:

1.     This matter sounds under the Fair Labor Standards Act.

2.     Defendants, prior to discovery, argue that the administrative exemption applies in this matter.

3.     Defendants argue facts in their Motion and therefore raise arguments that might be appropriate at the summary judgment phase. Defendants attach a copy of an Employment Agreement, and therefore improperly ask the Court to consider evidence outside the (4) corners of the Complaint at the dismissal stage.

4.     Defendants' Motion should be denied as follows.

**MEMORANDUM OF LAW**

A.   <u>Motion to Dismiss Standard</u>.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiffs to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957). In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).

The case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act. The Eleventh Circuit interpreting the *Twombley* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a **FLSA violation are quite straightforward**. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

Additionally, this Court, in interpreting *Twombly* as it relates to FLSA matters and citing to the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008) stated:

> Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the

3

> asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).
>
> Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555.
>
> A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.
>
> Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod*., 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010).

See also *Marcelle v. Am. Nat'l Delivery, Inc*., 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23, 2010) ("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward") citation omitted.

In this matter, the Complaint alleges that Plaintiff was a purchasing and shipping agent; Para. 14 sets forth the dates of employment, alleged hours and rate of pay, and a statement of claim was filed as [DE 8].  Defendants cannot claim they do not understand

4

what the allegations are regarding Plaintiff's straightforward FLSA claims. Defendants are seeking dispositive relief at a premature stage of the litigation. The Court should limit its analysis to the four corners of the complaint, and accept Plaintiff's allegations of unpaid wages as true. Defendants are able to deny the allegations, and file an answer raising all of the affirmative defenses they believe are appropriate.

B. <u>The Administrative Exemption</u>.

**Exemptions are Construed Strictly against the Defendant-Employers**

The Eleventh Circuit has long held that exemptions under the Fair Labor Standards Act are to be construed strictly and narrowly in favor of coverage of employees, affording maximum coverage to the employees due to the broad remedial purpose behind the Act. *Nicholson v. World Business Network, Inc.,* 105 F.3d 1361 (11th Cir. 1997). Presumably, this is why the Eleventh Circuit articulated the rule in *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251 (11th Cir. 2001) that employers must prove FLSA exemptions by "clear and affirmative" evidence.

Analogously, an employee's job title is irrelevant in determining whether he or she is exempt as an "executive" under the FLSA. *Reich v. Newspapers of New England, Inc.*, 44 F.3d 1060, 1075 (1st Cir. 1995). 29 C.F.R. §541.2 states: "A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." However, in light of the law set forth *infra* relevant to the administrative exemption, Plaintiff's stated job title of purchasing and shipping agent does not address the exemption's prongs. Rather, the

exemption requires a fact intensive inquiry regarding the actual job duties Plaintiff performed.

Such heightened burden is place on Defendants at the summary judgment stage, and therefore it is clear they should not be permitted at this premature juncture to proffer facts outside the four corners of the Complaint prior to adequate discovery.

### The Administrative Exemption.

To qualify for the administrative exemption, Defendants must show Plaintiff's primary duty related to "management policies or general business operations", that Plaintiff regularly exercised "discretion and independent judgment", that he executed special assignments under only general supervision, and that Plaintiff's tasks were "directly and closely related" to administration of the Defendants' business. *Hogan et al. v. Allstate Insurance Company*, 361 F.3d 621, 626 et seq. (11th Cir. 2004). Primary duty is an element under both the long and short test. *Id. See also, Gottlieb v. Construction Services & Consultants, Inc.*, 2006 U.S. Dist. LEXIS 97446 (S.D. Fla. 2006). With respect to the administrative exemption's primary duty requirement, such requires as showing that any alleged "exercise of discretion and independent judgment" were done in relation to "matters of significance." 29 C.F.R. § 541.200(a). *Adams v. BSI Mgmt. Sys. Am., Inc.*, 523 F. App'x 658, 660 (11th Cir. 2013). As stated, the burden is on Defendants to establish the exemption with a showing of "clear and affirmative" evidence; exemptions under the FLSA are construed strictly and narrowly in favor of coverage of employees. *See, Nicholson* and *Klinedinst, supra.*

Plaintiff cites the said law to emphasize the fact intensive nature of FLSA exemptions, and the need to conduct discovery regarding same. Defendants allege in

their Motion various facts at this dismissal stage, but Plaintiff needs to serve written discovery and depose witnesses regarding the aforesaid legal standards relevant to the administrative exemption. There are various factors (such as primary duty, discretion, matters of significance etc.) that need to be considered (as set forth in the above-cited case law) in determining whether the administrative exemption is applicable.

WHEREFORE, Plaintiff respectfully asks this Court to deny Defendants' Motion. Should the Court grant any relief, Plaintiff would request (14) days to amend.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FLA. 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: DAVID.KELLY38@ROCKETMAIL.COM
F.B.N. 0123870
BY:___/s/___K. David Kelly_____
K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED
SUBSEQUENT TO E-FILING VIA CM/ECF ON 5/18/16 TO:**

**ALL CM/ECF RECIPIENTS**

LAW OFFICES OF NOLAN KLEIN, P.A.
WELLS FARGO TOWER
ONE EAST BROWARD BLVD.
STE. 1500
FT. LAUDERDALE, FL 33301
954-745-0588
FAX: 877-253-1691

**BY:_____/s/ K. David Kelly_____
K. DAVID KELLY, ESQ.**

7