UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  16-21206-CIV-JAL

YELITHZE DEL CARMEN USECHE and all
others similarly situated under 29 U.S.C
216(b),

        Plaintiff,

vs.

ABC COMPONENTS, INC., and
MINE GULEC,

        Defendants.
_____/

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

      Defendants, ABC COMPONENTS, INC., and MINE GULEC ("Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), file the following Reply in Support of Defendants' Motion to Dismiss for Failure to State a Claim, and as grounds state:

    **I.**    **FACTS**

      Defendants filed their Motion to Dismiss for Failure to State a Claim on May 16, 2016, along with the Employment Agreement, attached thereto as Exhibit "A."  *D.E. 19; D.E. 19-1*. Plaintiff filed her Response to Defendants' Motion to Dismiss for Failure to State a Claim on May 18, 2016.  *D.E. 21*.  As set forth more fully below, Plaintiff cannot escape the consequences of her own failure to attach the Employment Agreement to her Complaint.  The contents therein, along with Plaintiff's own allegations, establish that Plaintiff is an exempt employee under the FLSA,

without the need for any discovery whatsoever.[1]  This case should be dismissed for Plaintiff's failure to state a claim.

## II. MEMORANDUM OF LAW

### a. The Court May Consider the Employment Agreement

A Court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action.  *See, e.g.* Glover v. Liggett Grp, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006); *see also, e.g.,* Binion v. O'Neal, 2016 WL 111344 (S.D. Fla. 2016).  Factual allegations must be sufficient to raise a right to relief above the speculative level.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007).  On a motion to dismiss for failure to state a claim, the court may consider documents that a defendant attaches as an exhibit to the motion if the plaintiff's claims are based on the attached documents.  *See, e.g,* Sarsfield v. Citimortgage, Inc., 707 F.Supp.2d 546, 551 (M.D. Pa. 2010).  Moreover, when a plaintiff fails to attach to the complaint or incorporate by reference a document which is integral to the complaint, the defendant is free to produce the document when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of her own failure.[2]  *See, e.g,* Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2nd Cir. 1991); *see, also,* Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) *citing* Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993); Berg v. Empire Blue Cross and Blue Shield, 105 F.Supp. 2d 121, 126 (E.D.N.Y. 2000); McCoy v. Goord, 255 F.Supp.2d 233 (S.D.N.Y. 2003) (**Even without converting motion to dismiss for failure to state a claim to one for**

---

[1] This is purely a question of law; Defendants rely upon Plaintiff's own allegations and the Employment Agreement that she failed to attach to her Complaint.

[2] Plaintiff fails to address this very important issue *anywhere* in her Response.

**summary judgment, district court may consider documents annexed to movant's papers, although not annexed to the complaint, in limited circumstances, such as when plaintiff relies upon or has knowledge of certain documents in bringing suit**).[3]  Furthermore, on a motion to dismiss for failure to state a claim, to the extent that the terms of an attached agreement conflict with the allegations of the complaint, **the agreement controls**.  *See, e.g,* Westerfield v. Quizno's Franchise Co., LLC, 527 F.Supp.2d 840 (E.D.Wis. 2007).

Plaintiff has not opposed any of the well-settled case law allowing this Court to consider the Employment Agreement as part of the Motion to Dismiss for Failure to State a Claim, nor has Plaintiff contested the validity of the Employment Agreement.  The Employment Agreement demonstrates that Plaintiff was exempt under the FLSA, and this case should be dismissed.

    **b.**    **Plaintiff Was Exempt as an Administrative Employee Under the FLSA.**

The FLSA completely exempts from overtime any employee employed in a bona fide administrative capacity.  *29 U.S.C. § 213(a)(1)*; *see, also,* Bolick v. Brevard County Sheriff's Dept., 937 F.Supp. 1560 (M.D. Fla. 1996).  Congress expressly authorized the Secretary of Labor to define the scope of the administrative employee exemptions.  *Id.*  Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.  *See, e.g.,* Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984); *see, also,* Avery v. City of Talladega, 24 F.3d 1337, 1340-42 n. 3 (11th Cir. 1994).

The term "employee employed in a bona fide administrative capacity" shall mean any employee:

---

[3] If this Court converts Defendants' Motion to Dismiss for Failure to State a Claim to a Motion for Summary Judgment (which it should not), the Court is required to give all parties ten-days notice that it is so converting the motion.  *See, e.g,* Donaldson v. Clark, 819 F.2d 1551, 1555 (11th Cir. 1987).

3

>(1) compensated on a salary or fee basis at a rate of not less than $455 per week;
>(2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>(3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

*29 C.F.R. § 541.200(a).*

It is beyond reasonable dispute that each of these three prongs are met in this case:

### i.     **Plaintiff Was a Salaried Employee**

Plaintiff's Response fails to address whether she was a salaried employee, because she clearly was.  Plaintiff was identified as a salaried employee in the Employment Agreement. *D.E. 19-1.*  The Employment Agreement sets forth the bi-weekly pay installments, none of which were subject to reduction because of variations in the quality or quantity of work performed. *D.E. 19-1.*  Furthermore, Plaintiff herself alleges that she was making $615.38 a week.[4] *D.E. 8.*  There is no question that Plaintiff was a salaried employee under the FLSA.  *D.E. 19-1.*

### ii.     **Plaintiff's Primary Duty Consisted of General Business Operations**

To qualify for the administrative exemption, an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers.  *29 C.F.R. § 541.201(a).*  To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business.  *Id.*

---

[4] Plaintiff's Statement of Claim asserts that she is entitled to $23.07 in time and a half for overtime. Plaintiff creates this damage amount by taking Plaintiff's salary ($32,000.00 a year) and dividing it by fifty two weeks, and then 40 hours a week.  Plaintiff therefore admits payment of her agreed salary, but then twists and perverts the numbers to manufacture an overtime claim.  *D.E. 8.*

Plaintiff relies upon a First Circuit case, to argue that an employee's job title is irrelevant in determining whether she is exempt under the FLSA. *D.E. 21; see,* Reich v. Newspapers of New England, Inc., 44 F.3d 1060, 1075 (1st Cir. 1995). In Reich, 44 F.3d at 1075, the Court indeed held that administrative exemption under the FLSA is not based solely on the title **the employer ascribes** to the position. *Id.* The Court did not hold that an employee's job title is "irrelevant" (as Plaintiff purports); it merely held that an *employer's* description of the employee's position does not conclusively establish exemption under the FLSA. *Id.*

Here, Plaintiff (as opposed to her employer) specifically alleges (on her own) that she worked for Defendants as a **purchasing and shipping agent**. *D.E. 1 at ¶9.* **These are Plaintiff's allegations as to what her job duties were; it is not her employer's description**.[5] Plaintiff posits that Defendants must show that Plaintiff's "primary duty" related to "management policies or general business operations." *D.E. 21*. However, Plaintiff fails to consider that work directly related to management or general business operations **expressly** includes purchasing and procurement activities. *29 C.F.R. § 541.201(b).* Therefore, Plaintiff's primary duties, according to her own allegations (i.e. working as a shipping and purchasing agent), constitute general business operations as defined by the relevant code of federal regulation.

### iii.     Plaintiff's Primary Duties Required Independent Judgment

Finally, an employee's exercise of discretion and independent judgment hinges on whether the employee performs work that affects business operations, and whether the employee has authority to commit the employer in matters that have significant financial impact. *29 C.F.R. § 541.202(b).*

---

[5] This distinction is significant, because while Defendant must demonstrate that Plaintiff was exempt under the FLSA, Plaintiff's own allegations support exemption.

It is uncontested that Plaintiff alleges herself to have been a <u>purchasing</u> and <u>shipping</u> <u>agent</u>. *D.E. 1 at ¶9.* By definition, these positions require binding the company to contracts; she was an agent. The Employment Agreement also specifically addresses sales commissions, and contains a provision that states that "earned commission means that the client accepted the ordered goods and had fully paid for them." *D.E. 19-1.* This is further evidence of Plaintiff's ability to bind Defendant to sales. Therefore, as a matter of law, Plaintiff exercised independent judgment in the exercise of her primary duties, and is therefore an exempt employee under the FLSA.[6]

### III.   CONCLUSION

Plaintiff has no legal or factual basis for her claims against Defendants in this lawsuit. Plaintiff posits that Defendants are improperly "arguing facts that are appropriate at the summary judgment stage," and are "ask[ing] this Court to consider evidence outside the four corners of the Complaint." But in fact, Defendants rely only upon facts alleged by Plaintiff (and the Employment Agreement that is properly considered at this stage). The allegations set forth in Plaintiff's Complaint clearly demonstrate that she worked for Defendants in an administrative capacity, as a purchasing and shipping agent, and received a salary that exceeded $455.00 a week, and exercised independent judgment in her primary duties, such that she is an exempt employee under the FLSA. Plaintiff has failed to state a claim for any violation of the FLSA, and Plaintiff is not entitled to take discovery concerning her own allegations. Defendants respectfully request dismissal with prejudice.

---

[6] All of this is without regard for the fact that the Employment Agreement completely contradicts the allegation that Plaintiff was an hourly employee. Payment of $32,000.00 a year for 45 hours a week of work – as expressly agreed to between these parties – does not violate any federal or Florida legal requirement whatsoever.

WHEREFORE, for the foregoing reasons, Defendants, ABC COMPONENTS, INC. and MINE GULEC, respectfully requests that this Court enter an Order (a) dismissing Plaintiff's lawsuit for failure to state a claim; and (b) awarding all such other relief as may be deemed just and equitable under the circumstances presented herein.

    Respectfully Submitted,

    **Law Office of Nolan Klein, P.A.**
    *Attorneys for Defendants*
    Wells Fargo Tower - Suite 1500
    One East Broward Blvd.
    Ft. Lauderdale, Florida 33301
    PH:     (954)745-0588

    By:  */s/ Jordan Richards*
    NOLAN K. KLEIN
    Florida Bar No. 647977
    klein@nklegal.com
    amy@nklegal.com
    JORDAN RICHARDS
    Florida Bar No. 108372
    richards@nklegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this 7th day of June, 2016.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

SERVICE LIST:

**J.H. ZIDELL, ESQUIRE**
Florida Bar No. 0010121
**STEPHEN FOX, ESQUIRE**
Florida Bar No. 0110359
**RIVKAH JAFF, ESQUIRE**
Florida Bar No. 107511
**K. DAVID KELLY, ESQUIRE**
Florida Bar No.0123870
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 605
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*